```
             UNITED STATES DISTRICT COURT
              DISTRICT OF NEW HAMPSHIRE
```

Scott LeDoux

    v.                                  Civil No. 12-cv-260-JL

JP Morgan Chase, N.A.,
Federal Home Loan Mortgage
Corporation, and Haughey,
Philpot & Laurent, P.A.


**O R D E R**

Plaintiff Scott LeDoux moves this court to reconsider its decision dismissing his claim to enjoin the defendants from foreclosing on his mortgage.  See LeDoux v. JP Morgan Chase, N.A., 2012 DNH 194 ("Order").  As discussed in the Order, this claim, at least as pled in the complaint, was premised on the theory that the defendants never gained legal possession of the promissory note that LeDoux's mortgage secures because the allonge indorsing the note recited an incorrect date for the note.  See id. at 10-16.  This error, LeDoux contended, either rendered the allonge ineffective to transfer ownership of the note or evidenced the fact that the allonge was intended to indorse some note other than his.  After hearing oral argument on the defendants' motion to dismiss, the court concluded that LeDoux lacked standing to challenge the allonge on the former basis and that the latter basis did not state a claim for relief that was plausible on its face.  Id. at 15-16.

At the close of oral argument, defendants' counsel indicated that he had the original versions of the note with allonge and various other documents related to LeDoux's mortgage in his possession, and informed the court of his intention to return those documents to his clients in light of the court's ruling on the motion to dismiss. Counsel further informed the court that although he had invited LeDoux to inspect these documents to allay any concerns he may have had about their authenticity, LeDoux had not accepted that invitation. In response, the court ordered LeDoux to inspect the documents, on the record, after adjournment of the hearing.

LeDoux did so, and now, on the basis of that inspection, moves for reconsideration. He claims that the version of the note defendants' counsel presented for his inspection was a copy, not the original (which defendants dispute), and that the allonge was not attached to it (which they do not). Arguing that "a party wishing to foreclose must actually possess the original wet-ink note" and that "an allonge to a promissory note must be attached to a note in order to effect an indorsement," LeDoux asks the court to allow his claim for an injunction against foreclosure to proceed.[1] Memo. in Supp. of Mot. to Reconsider (document no. 29-1) at 1-2. The motion is denied.

---

[1] In the Order, the court also dismissed LeDoux's claim for fraud. See LeDoux, 2012 DNH 194 at 27-30. LeDoux does not seek reconsideration of the dismissal of his fraud claim.

To be successful, a motion to reconsider must demonstrate that the court made a "manifest error of fact or law." L.R. 7.2(e). Typically, reconsideration is only warranted when "the court has misapprehended some material fact or point of law." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). LeDoux is not arguing that the court did either of these things; he is arguing that facts that have recently become known to him would support relief under theories not pled in his complaint, and thus not previously presented to the court. A district court does not err--certainly not manifestly--by not addressing facts and theories not contained in the pleadings before it. See, e.g., Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006).

To the extent LeDoux wishes to pursue any new legal theories premised on these newly-discovered facts, then he should seek to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) to include them--either by obtaining "the opposing party's written consent," or by filing a motion for leave to amend the complaint that explains why "justice . . . requires" the amendment.[2]  The motion to reconsider[3] is DENIED.

---

[2]The court takes no position on the likely success of such a motion.

[3]Document no. 29.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: December 17 , 2012

cc: Scott LeDoux, pro se
    Peter G. Callaghan, Esq.