UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| Scott LeDoux, *Pro Se* | \* | Civil No. 1:12-cv-260-JL |
| Plaintiff, | \* | |
| v. | \* | |
| J.P. Morgan Chase N.A. and Federal Home Loan Mortgage Corporation and Haughey, Philpot & Laurent, P.A. | \* | |
| Defendants | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT, HAUGHEY, PHILPOT & LAURENT, P.A.'S ANSWER TO PLAINTIFF'S THIRD AMENDED PETITION TO ENJOIN A FORECLOSURE SALE AND COMPLAINTS OF UNFAIR AND DECEPTIVE PRACTICES IN VIOLATION OF THE NEW HAMPSHIRE CONSUMER PROTECTION ACT**

NOW COMES the Defendant, Haughey, Philpot & Laurent, P.A., and submits its Answer and in further support thereof respectfully state as follows:

1.   No response is necessary from Defendant, Haughey, Philpot  Laurent, P.A. (HP&L) as same does not pertain to this Defendant.

2.   No response is necessary from Defendant, Has same does not pertain to this Defendant.

3.   Admitted as to the first sentence, as to the balance, Defendant admits it was retained to represent Defendant, Chase, and the balance of the allegation is denied.

4.   No response is necessary as same is a statement of law.

5.   Admitted.

1

6. The allegation is admitted to the extent Plaintiff claims he signed the note, if in fact Plaintiff denies signing the same, Defendant denies the allegation.

7. The allegation as presented is denied as presented, and by way of further response, Defendant states the assignment was properly made.

8. Defendant admits the claim was made, as to the balance, Defendant says the document speaks for itself.

9. Defendant admits that Plaintiff filed for bankruptcy protection, as to the balance of the allegations Defendant is without sufficient information to respond to the impressions of Plaintiff and therefore denies same.

10. The document speaks for itself.

11. Denied.

12. The record speaks for itself.

13. The record speaks for itself, as to the balance of the allegation, Defendant is without sufficient information and as such same is denied.

14. The record speaks for itself.

15. The record speaks for itself.

16. The record speaks for itself.

17. Denied.

18. Denied. Defendant understands that Defendant, Chase, by its counsel has, in fact, shown the note and assignments to Plaintiff.

19. Denied.

20. The first sentence is denied as to the balance of the allegations, Defendant says the interpretation of the law made Plaintiff is wrong.

21. Defendant admits that the holder named holds the note and furthermore states it has the right to enforce it. All other allegations stated to the contrary are denied.

22. Denied.

23. The allegation in the first sentence is denied, as to the balance, Defendant states Lamper had authority to sign; furthermore, the argument presented by Plaintiff has no bearing as under New Hampshire law the mortgage follows the note without separate assignment.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendant incorporates herein each and every response made above.

29. No response is necessary as the allegation does not pertain to Defendant.

30. No response is necessary as the allegation does not pertain to Defendant.

31. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

32. No response is necessary as the allegation does not pertain to Defendant.

33. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

34. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

35. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

36. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

37. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

38. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

39. Defendant admits the auction was scheduled, as to the balance of the allegation Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

40. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

41. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

42. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

43. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

44. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

45. Defendant incorporates herein each and every response made above.

46. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

47. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

48. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

49. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

50. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

51. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

52. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

53. Defendant incorporates herein each and every response made above.

54. No response is necessary as to the first sentence, the balances of the allegations are denied.

55. No response is necessary.

56. No response is necessary.

57. No response is necessary.

58. No response is necessary.

59. No response is necessary.

60. No response is necessary.

61. Denied.

62. No response is necessary.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Defendant incorporates herein each and every response made above.

68. No response is necessary.

69. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

70. No response is necessary.

71. No response is necessary.

72. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

73. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

74. As to the first sentence, the Defendant has insufficient information, and therefore the allegation is denied, as to the balance of the allegation the same is denied.

75. Denied.

76. Defendant is without sufficient information upon which to admit or deny the allegations and therefore denies same.

77. Denied.

78. The claims have been dismissed in Count III; furthermore same do not pertain to Defendant.

Although the Fair Debt Consumer Practices Act was enacted to protect consumers from unscrupulous debt collectors, it also strives to protect ethical debt collectors and enforcers of security interests from abusive lawsuits. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, ----, 130 S.Ct. 1605, 1620-21 (2010) (reviewing the provisions of the FDCPA which safeguard against baseless litigation, including a debt collectors right to collect attorney's fees when consumers institute an action in bad faith and for the purpose of harassment). Thus, the FDCPA, while aimed at protecting consumers, was designed to guard against frivolous litigation. The litigation entered by Plaintiff is baseless and intended to harass Defendant; therefore, the Court should award Defendant its attorney's fees for defending Plaintiff's claims.

## AFFIRMATIVE DEFENSES

Defendant, Haughey, Philpot & Laurent, P.A. asserts the following affirmative defenses:

1. Petitioner has failed to state a claim upon which relief can be granted.

2. Petitioner's claims are barred by the doctrines of promissory estoppel and equitable estoppel.

3. Petitioner's claims are barred by the statute of limitations.

4. Petitioner's claims are barred by the doctrine of laches.

5. Petitioner's claims are barred by the doctrine of unclean hands.

6. Petitioner lacks standing to contest the assignment of the note.

The Defendant reserves the right to supplement and revise the aforementioned defenses based on matters learned during discovery in this matter.

WHEREFORE, Defendant respectfully prays that this Honorable Court:

    A.    Deny the relief requested by Plaintiff;

    B.    Award Defendant its reasonable attorney's fees as Defendant is entitled to under the provisions of the FDCPA; and

    C.    Grant such other and different relief as this Court deems just and equitable.

Respectfully submitted,
By Its Attorneys,

Dated: March 26, 2013

*/s/ William Philpot, Jr.(NHB#2020)*
Haughey, Philpot & Laurent, P.A.
816 North Main Street
Laconia, New Hampshire 03246
Tel: 603-524-4101
Fax: 603-524-1775
email: wp@hpllaw.com

## Certificate of Service

I hereby certify that a copy of the foregoing was served this day on parties of record by electronic means through the court's ECF transmission facilities.

Dated: March 26, 2013

*/s/ William Philpot, Jr.(NHB#2020)*
Haughey, Philpot & Laurent, P.A.
816 North Main Street
Laconia, New Hampshire 03246
Tel: 603-524-4101
email: wp@hpllaw.com